IRA B. SEARS, Respondent, v. JOHN BAILEY, Appellant.

(County Court, Schuyler County, February, 1908.)

Evidence — Relevancy — Previous or subsequent conditions — Value of colt subsequently foaled.

Where, in an action to recover, as part of the purchase price of a mare, the sum of ten dollars for the service of the stallion by which she was with foal, the answer is a general denial and counterclaim for breach of express warranty of soundness, it is error to permit a witness for defendant to testify as to the value of the colt at the time of the trial, when it was more than eleven months old.

APPEAL from a judgment of a justice's court in favor of plaintiff.

Waldo F. Bishop, for appellant.

Lewis H. Watkins, for respondent.

10

N<small>YE</small>, J.   This is an appeal from à judgment of a justice's court of the town of Hector, Schuyler county, N. Y., rendered the 22d day of April, 1907, in favor of the plaintiff and respondent and against the defendant and appellant for the sum of ten dollars and fifty-eight cents damages and ten dollars and fifty cents costs, the cause having been tried and submitted April 15, 1907, and it having been stipulated by the parties that the justice might take seven days in which to make decision.

The action was brought to recover ten dollars and the interest thereon from April 30, 1906, as part purchase price of a bay mare sold by the respondent to the appellant at public auction March 10, 1906.   The plaintiff alleges in his complaint that at the time of the sale of the said mare to the defendant said mare was with foal and that the defendant promised and agreed that he would, as a part of the purchase price, pay in addition to the sum of one hundred and twenty-seven dollars and fifty cents (that being the sum for which the said mare was struck off to the appellant) the further sum of ten dollars for the service of the stallion by which said mare was with foal, if the foal was born alive, and that said foal was born alive on April 30, 1906.

The appellant in his answer denies that he promised and agreed to pay for the service of the stallion, or that said sum of ten dollars for the service of the stallion was a part of the purchase price or consideration for said mare.   And also sets up a counterclaim and alleges a breach of warranty and alleges that by reason thereof he has suffered damages to the amount of sixty dollars, for which amount he demands an affirmative judgment.

It appears from the evidence that the mare in question was sold by the respondent to the appellant through an auctioneer at public sale held by the respondent at the town of Hector on or about the 10th day of March, 1906, and that at the time said mare was offered and exposed for sale some representations were made by the respondent, and also the auctioneer who conducted the said sale, as to mare being with foal and also as to her being sound, kind and true.   As to what the warranty was and as to what was said as to the

purchaser paying for the service of the stallion if the foal was born alive, the witnesses who were sworn and examined on the trial do not all agree. It is claimed by the respondent that at the time the mare was offered for sale it was openly and publicly stated that the mare was with foal and that the purchaser would have to pay ten dollars for the colt and that she was "serviceably sound." In this contention the respondent is supported by several witnesses. The appellant claims that at the time said mare was exposed for sale and purchased by him the respondent warranted said mare to be sound, kind and true and that nothing was said to the effect that the purchaser should pay for the service of the stallion or for the colt. Evidence was given upon the part of the appellant to the effect that the mare was not sound and was not as warranted; that she had a small spavin and that she had the heaves. The respondent admits that the mare had a spavin, but claims the warranty as he made it, that the mare was "serviceably sound," did not cover the spavin and that the mare did not have the heaves. Several witnesses testified that if the mare had been as appellant claims she was recommended (sound, kind and true) that she would have been worth one hundred and twenty-seven dollars and fifty cents, and with the defects complained of (with the spavin and the heaves) she would have been worth less, and the witnesses vary as to the amount from forty dollars to fifty dollars.

Albert Smith was called as a witness on the part of the appellant and testified, without objection, that he was at the sale and saw the respondent there and that he heard him say that the mare in question was sound and all right. The witness also testified that, assuming the mare was sound and all right, she was worth $127.50 and that with the defects complained of she was worth $50 less.

Upon cross-examination the witness testified: "I have seen the colt. It is a dandy. Q. Have you known of colts being bought and sold?"

This question was objected to by appellant's counsel as immaterial. The justice overruled the objection and the witness answered: "Yes."

" Q. In your judgment what is the value of this colt at this time ? " Appellant's counsel objected to this question upon the grounds it was immaterial, improper and inadmissible and that the separate value of the colt from the mare is not the proper measure of damages and could not offset or be taken into consideration as fixing the measure of damages upon the breach of warranty made upon the mare. The justice overruled the objection and the witness answered: "A. $75."

It seems to me that the admission of this testimony constituted reversible error.

The witness had qualified himself to give evidence as to the value of the mare, and had testified, without objection, as to her value if she had been as warranted and as to her value with the defects complained of. The question as to the value of the colt at that time, then more than eleven months old, must have been received by the justice upon the theory that the value of the colt at that time was inadmissible as bearing upon the measure of damages upon the breach of warranty.

It is the settled law in this State that where an article is delivered to a purchaser with an express warranty, the measure of purchaser's damages on the breach thereof is the difference between the value of the article if it had been as warranted and the actual value. Muller v. Eno, 14 N. Y. 597; Rust v. Eckler, 41 id. 480; Isaacs v. Wanamaker, 189 id. 122.

It is unnecessary to pass upon other questions raised by counsel herein.

Judgment reversed with costs to appellant.